## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CBT SUPPLY, INC. d/b/a | ) | |
| SMARTDESKS | ) | |
| 83 Jacobs Road | ) | |
| Rockaway, New Jersey 07866, | ) | CIVIL ACTION NO.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| SMARTDESKS, INC., | ) | |
| 10717 Faulkner Ridge Circle | ) | |
| Columbia, Maryland  21044, | ) | |
| Howard County, and | ) | |
| | ) | |
| PETER J. STENGEL, | ) | |
| 10717 Faulkner Ridge Circle | ) | |
| Columbia, Maryland  21044, | ) | |
| Howard County, | ) | |
| | ) | |
| Defendant. | | |

COMES NOW Plaintiff CBT SUPPLY, INC. d/b/a SMARTDESKS ("CBT" or "Plaintiff") and files this Complaint against SMARTDESKS, INC. and PETER J. STENGEL (hereinafter referred to collectively as "Defendants").

## THE PARTIES

1.     Plaintiff CBT SUPPLY, INC. d/b/a SMARTDESKS is a Maryland corporation with its principal place of business at 83 Jacobs Road, Rockaway, New Jersey 07866.

2.      Upon information and belief, Defendant SMARTDESKS, INC. is a Maryland corporation with its principal place of business at 10717 Faulkner Ridge Circle, Columbia, Maryland  21044.

3.      Upon information and belief, Defendant PETER J. STENGEL is an individual domiciled and residing at 10717 Faulkner Ridge Circle, Columbia, Maryland  21044.

## JURISDICTION & VENUE

4.      This is an action for copyright infringement, federal trademark counterfeiting, federal trademark infringement, federal unfair competition, federal cybersquatting, common law unfair competition, and common law contract claims.   This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over the related state and common law claims pursuant to 28 U.S.C. § 1367.

5.      Plaintiff submits itself to the jurisdiction of this Court.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS

### *Plaintiff's Trademarks and Copyrighted Works*

7.      CBT has been and is now engaged in the business of manufacturing and marketing in interstate commerce a wide variety of desks, lecterns and other office furniture products, and marketing and selling design services related to its furniture products.

2

8.     Since at least as early as 2000, CBT has marketed and sold its office furniture products and related design services under the trademark and service mark SMARTDESKS and SMARTDESKS (and Design) (collectively the "SMARTDESKS Marks").

9.     CBT has widely advertised and extensively offered its office furniture products and design services under the SMARTDESKS Marks throughout the United States, and the SMARTDESKS Marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality products and its good will.

10.     In addition to the SMARTDESKS Marks, Plaintiff has adopted and used in interstate commerce numerous additional trademarks for office furniture and related products, including FLIP IT, MPLEX, SPEX, SNAPFLEX, SMARTCHAIRS, DEMI, PIANO, PIANO SERIES: CONCERTO, SONATA, TRIAD, MOTIF, DLSEMINAR, and CTINTERACTIVE (collectively "Plaintiff's Marks").

11.     On May 11, 2004, the United States Patent and Trademark Office granted federal trademark registration to Plaintiff for the trademark FLIP IT for "ergonomically designed office furniture, namely, integrated workstations that incorporate computers, video display terminals, electronic telecommunications devices, audio visual equipment and controls, and electronic data storage supplies and apparatus with furniture as a single unit for use in offices and classrooms" as registration number 2,839,887.  Said registration is in full force and effect and is owned by

3

Plaintiff.  Plaintiff uses the registration symbol (R) on its goods and in advertising in association with said trademark.

12.    Plaintiff is the owner of the Internet domain name <smartdesks.com>, and has advertised its office furniture products and related design services via the Internet on its Internet Web Site located at the URL http://www.smartdesks.com ("Plaintiff's Web Site") since at least as early as December 1997.

13.    Plaintiff is the author of numerous photographs of its furniture and related products.  Plaintiff owns the copyrights to the photographs, and has applied to register the copyrights with the U.S. Copyright Office.  True and correct copies of the applications for registration are attached hereto as Exhibit "A."

14.    In addition to the copyrighted photographs, Plaintiff is the author of numerous other copyrighted works, including FLIP IT Installation Instructions and a FLIP IT Marketing Brochure.  Plaintiff owns the copyrights to the Installation Instructions and Marketing Brochure, and has applied to register the copyrights with the U.S. Copyright Office.  True and correct copies of the applications for registration are attached hereto as Exhibit "B."    (Collectively referred to, together with Plaintiff's copyrighted photographs, as the "Copyrighted Works.") Attached hereto as Exhibit "C" are true and correct copies of receipts confirming that the Copyright Office has received the foregoing copyright applications, required deposits, and application fees.

AT1 32300184.2

*Defendants' Infringing Conduct*

15.     On or about September 23, 2005, Defendant Stengel registered the Internet domain name <smartdesksdesign.com>.

16.     On information and belief, Defendant Stengel obtained a copy of Plaintiff's Web Site as it appeared prior to January 26, 2005, including copies of many of Plaintiff's Copyrighted Works.

17.     On information and belief, in or about November 2005, Defendants began using this unauthorized copy of Plaintiff's Web Site to advertise and promote office furniture products and related design services via the URL http://www.smartdesksdesign.com ("Infringing Web Site").

18.     Beginning as early as November 2005, Defendants reproduced,  distributed, and publicly displayed one or more of Plaintiff's Copyrighted Works on the Infringing Web Site.

19.     At no time has plaintiff authorized defendant to reproduce, distribute or publicly display any of Plaintiff's Copyrighted Works.

20.     Beginning as early as November 2005, Defendants adopted and began using Plaintiff's Marks in interstate commerce to advertise and promote office furniture products and related design services on the Infringing Web Site.

*Plaintiff's Contracts with Defendant Stengel*

21.     On June 6, 2001, Plaintiff and Defendant Stengel entered into an agreement whereby Plaintiff agreed to pay Defendant Stengel a percentage of Plaintiff's annual gross

AT1 32300184.2

profits in return for Defendant Stengel's consulting services (the "Consulting Agreement").  A true and correct copy of the Consulting Agreement is attached hereto as Exhibit "D."

22.     The Consulting Agreement expressly provides that Plaintiff will pay Defendant Stengel during a three (3) year period commencing January 1, 2001, and ending December 31, 2003.

23.     Although the Consulting Agreement provides that payments to Mr. Stengel will terminate on December 31, 2003, Plaintiff continued to pay Defendant Stengel after that date.  Plaintiff made 10 payments to Defendant Stengel after December 31, 2003, which totaled $90,934.89.

24.     On June 6, 2001, Plaintiff entered into an agreement with Niche Direct.Com., Inc. ("NDC"), a corporation of which Defendant Stengel is President, providing that NDC will supply web development services for Plaintiff (the "Web Development Agreement").  A true and correct copy of the Web Development Agreement is attached hereto as Exhibit "E."  The Web Development Agreement specifically provides that NDC will supply services including maintenance of Plaintiff's Web Site.

## COUNT I

## COPYRIGHT INFRINGEMENT

25.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 24 of this Complaint.

AT1 32300184.2

26.     Defendants' reproduction, distribution and/or public display of Plaintiff's Copyrighted Works constitutes copyright infringement in violation of 17 U.S.C. § 501.

27.     Unless enjoined and restrained, Defendants' conduct threatens to further infringe Plaintiff's copyright interests.

28.     By virtue of Defendants' conduct, Plaintiff is entitled to recover its actual damages as a result of the infringement, and any profits of Defendants attributable to the infringement.

## COUNT II

## FEDERAL TRADEMARK COUNTERFEITING

29.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 28 of this Complaint.

30.     Defendants have used in commerce counterfeit copies or colorable imitations of Plaintiff's Registered FLIP IT mark in connection with the sale, offering for sale, distribution, or advertising of goods and services on or in connection with which such use is likely to cause confusion, to cause mistake, or to deceive in violation of 15 U.S.C. §1114(1)(a).

31.     Defendants have reproduced counterfeit copies or colorable imitations of Plaintiff's Registered Mark and applied such counterfeits or colorable imitations to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. §1114(1)(b).

## COUNT III

## FEDERAL UNFAIR COMPETITION

32.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 31 of this Complaint.

33.    Defendants have been using in commerce words, terms, names, symbols, or devices, or combinations thereof, as well as false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which

    a.  are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff CBT, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by CBT;  and

    b.  in commercial advertising or promotion, misrepresent the nature, characteristics, qualities, or origin of Defendants' goods, services or commercial activities.

34.    Defendants' conduct constitutes federal unfair competition in violation of 35 U.S.C. § 1125(a).

35.    Upon information and belief, Defendants' aforementioned conduct has been willful and intentional.

AT1 32300184.2

## COUNT IV

## FEDERAL DOMAIN NAME CYBERPIRACY

36.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 35 of this Complaint.

37.     Defendants registered and used a domain name that is identical or confusingly similar to Plaintiff's SMARTDESKS Mark.

38.     Plaintiff's SMARTDESKS Mark was distinctive at the time Defendants registered and began using the Infringing Domain Name.

39.     Defendants registered the Infringing Domain Name with a bad faith intent to profit from Plaintiff's SMARTDESKS Mark in violation of 15 U.S.C. § 1125(d).

40.     Upon information and belief, Defendants' aforementioned conduct has been willful and intentional.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

41.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 40 of this Complaint.

42.     Defendants' wholesale copying of Plaintiff's web site, including all of the Copyrighted Works and Plaintiff's Marks, constituted an effort by Defendants to pass off its goods and services as those of Plaintiff.

AT1 32300184.2

43.     Defendants' adoption and use of counterfeit or colorable imitations of Plaintiff's Marks is likely to confuse consumer confusion, mistake or deception, and therefore constitutes unfair competition in violation of the Maryland Common Law.

## COUNT VI

## OVERPAYMENT AGAINST DEFENDANT STENGEL

44.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 43 of this Complaint.

45.     Although the Consulting Agreement provides that payments to Mr. Stengel will terminate on December 31, 2003, Plaintiff continued to pay Defendant Stengel after that date. Plaintiff made 10 payments to Defendant Stengel after December 31, 2003, which totaled $90,934.89.

46.     The payments made to Defendant Stengel after December 31, 2003 were overpayments.  Plaintiff is entitled to a return of the overpayments in the amount of $90,934.89.

## COUNT VII

## BREACH OF IMPLIED CONTRACT AGAINST DEFENDANT STENGEL

47.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 46 of this Complaint.

48.     Inherent in Defendant Stengel's obligations under the Consulting Agreement and the Web Development Agreement are, among other obligations, the duties not to use Plaintiff's

AT1 32300184.2

Web Site, Copyrighted Works, and Marks in an unauthorized manner.   These inherent obligations constitute an implied contract.

49.     Defendant Stengel breached the implied contract by, among other actions, copying Plaintiff's Web Site; using the unauthorized copy to advertise and promote office furniture products and related design services; reproducing, distributing, and publicly displaying one or more of Plaintiff's Copyrighted Works on the Infringing Web Site; and using Plaintiff's Marks on the Infringing Web Site.

50.     By virtue of Defendant Stengel's conduct, Plaintiff is entitled to recover damages caused by Defendant Stengel as a result of his breach of the implied contract.

## COUNT VIII

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

## AGAINST DEFENDANT STENGEL

51.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 50 of this Complaint.

52.     As contracts, the Consulting Agreement and the Web Development Agreement include an implied covenant of good faith and fair dealing.

53.     Defendant Stengel breached the implied covenant of good faith and fair dealing, by, among other actions, copying Plaintiff's Web Site; using the unauthorized copy to advertise and promote office furniture products and related design services; reproducing, distributing, and

publicly displaying one or more of Plaintiff's Copyrighted Works on the Infringing Web Site; and using Plaintiff's Marks on the Infringing Web Site.

54.    By virtue of Defendant Stengel's conduct, Plaintiff is entitled to recover damages caused by Defendant Stengel as a result of his breach of the implied covenant of good faith and fair dealing.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests that the Court:

a.    Issue a preliminary and permanent injunction ordering that Defendants' immediately and permanently be enjoined from reproducing, distributing, publicly displaying, and creating derivative works based upon Plaintiff's Copyrighted Works, pursuant to 17 U.S.C. §502.

b.    Issue a preliminary and permanent injunction ordering that Defendants' immediately and permanently be enjoined from using any trademark, word, name, symbol, device, logo, or internet domain name that is a counterfeit or colorable imitation of any of Plaintiff's Marks, or that is likely to be confused with any of Plaintiff's Marks, pursuant to 15 U.S.C. § 1116.

c.    Award Plaintiff its actual damages suffered as a result of Defendants' infringement of the Copyrighted Works, together with any profits of Defendants attributable to the infringement, pursuant to 17 U.S.C. § 504(b).

d.    Award Plaintiff its actual damages, an accounting Defendant's profits, and Plaintiff's costs of this action pursuant to 15 U.S.C. § 1117(a).

AT1 32300184.2

e.   Award Plaintiff three times its actual damages, an enhancement of Defendant's profits, and Plaintiff's reasonable attorney fees due to the willful and intentional nature of Defendant's infringing conduct, pursuant to 15 U.S.C. § 1117(a) and (b).

f.   Award Plaintiff, in lieu of its actual damages and an accounting of Defendants' profits, an award of statutory damages of up to $1,000,000, if so elected by Plaintiff, pursuant to 15 U.S.C. § 1117(c).

g.   For Defendants' violation of 15 U.S.C. § 1125(d), award Plaintiff, in lieu of its actual damages and Defendants' profits, an award of statutory damages of up to $100,000, pursuant to 15 U.S.C. § 1117(d).

h.   Order that the <smartdesksdesign.com> domain name be transferred to Plaintiff or, in the alternative, cancelled.

i.   Award Plaintiff the amount of overpayment made to Defendant Stengel;

j.   Award Plaintiff damages for Defendant Stengel's breach of implied contract;

k.   Award Plaintiff damages for Defendant Stengel's breach of the implied covenant of good faith and fair dealing; and

l.   Award any other relief the Court deems just.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable.

AT1 32300184.2

DATED: December 30,  2005                    Seyfarth Shaw LLP


By: _____
James M. Mesnard
Bar No. 4072
Seyfarth Shaw LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C.  20006
(202) 463-2400

Allen W. Groves
Mark L. Seigel
Matthew N. Foree
Seyfarth Shaw LLP
1545 Peachtree Street, N.E.
Suite 700
Atlanta, GA  30309-2401
(404) 885-1500

ATTORNEYS FOR PLAINTIFF CBT
SUPPLY, INC., D/B/A SMARTDESKS

14